UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR AUGUSTO AC-CHUN (A 240-468-273)<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION CENTER<br><br>Respondent. | No. 1:26-cv-07606-TLN-CKD<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner, a citizen of Guatemala, entered the United States without inspection in 2022. ECF No. 1 at 8. In February 2025, U.S. Immigration and Customs Enforcement ("ICE") officials encountered Petitioner, initiated removal proceedings against him, and detained him. ECF No. 6-1 at 2,3; 6-2. On April 1, 2025, an immigration judge ("IJ") released Petitioner from custody upon payment of a $2,000 bond. ECF No. 6-3. Over a year later, on August 27, 2026, Petitioner was on his way home from work, riding as a passenger in a friend's car, when a local law enforcement officer stopped the car. ECF No. 1 at 8. Upon concluding that Petitioner was not lawfully present in the U.S., the law enforcement officer contacted ICE, who detained Petitioner.

ECF No. 1 at 8; 6-1 at 2. Respondent admits that the August 27, 2026, encounter did not involve criminal charges. ECF No. 6 at 1. Petitioner has no criminal arrest history. ECF No. 6-4.

Petitioner filed an application for writ of habeas corpus on September 18, 2026, alleging that his detention violates the Due Process Clause of the Fifth Amendment. ECF No. 1. Respondent concedes that 8 U.S.C. § 1226(a) provides the proper detention authority in this matter and that Petitioner is entitled to a bond hearing. ECF No. 6 at 1. Respondent also "acknowledges that this case fits into the category of cases in which the Court has found that a noncitizen's previous release into the United States is more significant than the reason for re-detention and ordered immediate release." Id.

## II. Legal Standards

### A. Constitutional Standards

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Similarly, Ninth Circuit precedent holds that the Due Process Clause applies to noncitizens regardless of whether they are "seeking admission" or are "admitted" under immigration law. Wong v. United States, 373 F.3d 952, 973 (9th Cir. 2004), abrogated on other grounds by Wilkie v. Robbins, 551 U.S. 537 (2007). The Due Process Clause "protects individuals against two types of government action: violations of substantive due process and procedural due process." United States v. Quintero, 995 F.3d 1044, 1051 (9th Cir. 2021) (internal quotation omitted).

Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews v. Eldridge, 424 U.S. 319 (1976), applies. See Rodriguez Diaz v.

Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

**B. Statutory Immigration Framework**

The parties do not dispute that 8 U.S.C. §1226(a) governs Petitioner's detention. Noncitizens who are already present in the U.S. but are subject to removal proceedings may be detained or released on bond or conditional parole. 8 U.S.C. § 1226(a)(2). When a noncitizen is arrested and taken into immigration custody pursuant to § 1226(a), ICE makes an initial custody determination, including the setting of bond. See 8 C.F.R. § 236.1(c)(8). After this initial custody determination, the noncitizen may request a bond redetermination by an IJ, which is appealable to the Board of Immigration Appeals ("BIA"). 8 C.F.R. §§ 236.1(d)(1); 1003.19(f). A noncitizen may request a subsequent bond redetermination upon a showing of materially changed circumstances. 8 C.F.R. § 1003.19(e). Though the Ninth Circuit has found that § 1226(a) offers constitutionally sufficient procedural safeguards, it has not foreclosed as-applied challenges to §1226(a) detention. Rodriguez Diaz v. Garland, 53 F.4th 1189, 1213 (9th Cir. 2022).

**III. Due Process Analysis**

In reviewing Petitioner's as-applied due process challenge, the Court turns first to the question of whether Petitioner has a protected liberty interest in freedom from detention. Numerous courts, including those in this district, have found that individuals paroled and/or released from ICE custody have a protected interest in remaining out of custody. See Kaur v. United States Dep't of Homeland Sec., 813 F. Supp. 3d 1167, 1176–77 (E.D. Cal. 2025); Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); Labrador-Prato v. Noem, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025); D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026). Petitioner was released from custody in April 2025. For over a year, Petitioner remained "at liberty relying on that determination." F.S.S.M. v. Wofford, No. 1:25-cv-01518-TLN-AC, WL 3526671, at *5 (E.D. Cal. Dec. 9, 2025). Accordingly, the undersigned finds that Petitioner has a protected liberty interest and may invoke the Due Process Clause to seek relief in his individualized circumstances.

Having so found, the undersigned applies the framework articulated in Mathews v. Eldridge, 424 U.S. 319 (1976) to determine whether Petitioner's re-detention violated his due process rights. See Rodriguez Diaz, 53 F.4th at 1206-07 (assuming without deciding that the Mathews standard applies to a due process challenge to a noncitizen's ongoing detention). Under Mathews, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved, including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

**A. Private Interest**

Turning to the first factor in Mathews, Petitioner had a strong liberty interest in maintaining his out-of-custody status. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Petitioner remained out of custody for over a year, during which time he committed no crimes. The record does not indicate that he did anything to violate the terms of his release on bond. Petitioner therefore has "a private interest in remaining free, which developed over the year he resided in the United States." Noori v. Larose, No. 25-cv-1824-GPC-MSB, 2025 WL 2800149, at *10 (S.D. Cal. Oct. 1, 2025).

**B. Risk of Erroneous Deprivation**

The second Mathews factor is "the risk of an erroneous deprivation of [Petitioner's] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." Mathews, 424 U.S. at 335. "Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community." Omer G. G. v. Kaiser, 815 F. Supp. 3d 1098, 1106 (E.D. Cal. 2025) (quoting Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Courts in this circuit have found that the risk of erroneous deprivation is high when the noncitizen has not received a bond or custody hearing to determine whether there is any valid basis for detention after a prior release. Kaur v. United States Dep't of Homeland Sec., 813 F. Supp. 3d 1167, 1176–77 (E.D. Cal. 2025); Pinchi

v. Noem, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025) (quoting Singh v. Andrews, No. 1:25-cv-00801, 2025 WL 1918679, at *7 (E.D. Cal. July 11, 2025)). Presumably, when granting bond, an IJ previously found that Petitioner did not pose a danger to the community or a risk of flight. In re Adeniji, 22 I. & N. Dec. 1102, 1112 (BIA 1999) ("[T]he [noncitizen] must show that he is not likely to abscond, is not a threat to the national security, and is not a threat to the community…"). Respondent did not allege – and the record does not indicate – any changed circumstances that would justify re-detention. Even if changed circumstances existed, a neutral adjudicator should have determined whether such changed circumstances would now render Petitioner a danger or risk of flight. See Diouf v. Napolitano, 634 F.3d 1081, 1092 (9th Cir. 2011) ("[T]he risk of an erroneous deprivation of liberty in the absence of a hearing before a neutral decisionmaker is substantial.")(abrogated on other grounds.)

**C. Government's Interest**

Under this factor, the Court weighs the government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." Mathews, 424 U.S. at 335. "[T]he government has a strong interest in effecting removal, and in protecting the public from danger." Maksim v. Annex, No. 1:25-cv-00955-SKO (HC), 2025 WL 2879328, at *5 (E.D. Cal. Oct. 9, 2025) (citations omitted). Here, though, Respondent does not argue that Petitioner is a flight risk or danger to the community. Respondent has not articulated any legitimate interest that would support arresting Petitioner without a pre-deprivation hearing. The effort and cost required to provide Petitioner with procedural safeguards before re-detention would have been minimal, no more burdensome than the post-deprivation hearing for which Respondent concedes Petitioner is eligible (yet has not received). See D. L.C., 2026 WL 25511, at *5 ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government." (quoting Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)). Indeed, "it is likely that the cost to the government of detaining [Petitioner] pending any bond hearing would significantly exceed the cost of providing him with a pre-detention hearing." Pinchi v. Noem, 792 F. Supp. 3d at 1036.

The three Mathews factors weigh in Petitioner's favor and outweigh the government's

interest in detention without first demonstrating that the detention was necessary to protect the community or ensure Petitioner's appearance. The undersigned therefore joins several district courts in concluding that a pre-deprivation hearing was required to satisfy due process. See Garcia v. Andrews, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025); Guillermo M.R. v. Kaiser, No. 25-cv-05436-RFL, 2025 WL 1983677, at *9 (N.D. Cal. July 17, 2025); Pinchi v. Noem, 792 F. Supp. 3d 1025 (N.D. Cal. 2025); Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 22, 2019); Doe v. Becerra, No. 2:25-CV-00647-DJC-DMC, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025); Diaz v. Kaiser, No. 3:25-cv-05071, 2025 WL 1676854, at *2 (N.D. Cal. June 14, 2025); Romero v. Kaiser, No. 22-cv-02508-TSH, 2022 WL 1443250, at *4 (N.D. Cal. May 6, 2022); Vargas v. Jennings, No. 20-cv-5785-PJH, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020). The absence of such pre-deprivation hearing violates Petitioner's due process rights and warrants immediate release.

## IV. Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be GRANTED.
2. Respondent be ORDERED to immediately RELEASE Petitioner **Cesar Augusto Ac-Chun (A 240-468-273)** from custody.
    a. At the time of release, Respondent shall be required to return all of Petitioner's documents and possessions.
    b. Respondent shall not impose any additional restrictions on Petitioner unless such restrictions are deemed necessary at a future pre-deprivation hearing.
3. Respondent be ENJOINED AND RESTRAINED from re-detaining Petitioner absent compliance with constitutional protections which include, at a minimum:
    a. Pre-deprivation notice describing the change of circumstance(s) necessitating re-detention; and
    b. A timely pre-deprivation hearing at which the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight even after consideration of

alternatives to detention, and at which Petitioner shall be permitted to have counsel present.

4. The order not address the circumstances under which the government may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

5. The Clerk of the Court be directed to serve the **California City Immigration Processing Center** with a copy of any release order.

6. The Clerk of the Court be directed to enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7) days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 15, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3 acch7606.imm.fnr